**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:

NEWGENT GOLF, INC.,   Case No. 6:04-BK-13479-KSJ
    Debtor.
_____/

MARIE E. HENKEL,
    Plaintiff,

vs.

FRESE, HANSEN, ANDERSON,
HUESTON & WHITEHEAD, P.A.,
and MSM DEVELOPMENT CO., as   Adv. Pro. No._____
managing member of MSM Golf,
LLC, a dissolved Florida Limited
Liability Corporation.,
    Defendants.
_____/

**COMPLAINT FOR TURNOVER**

    Plaintiff, Marie E. Henkel, Trustee, files this complaint against the Defendants, FRESE, HANSEN, ANDERSON, HUESTON & WHITEHEAD, P.A. and MSM DEVELOPMENT CO., as managing member of MSM Golf, LLC, a dissolved Florida limited liability corporation and alleges as follows:

**PARTIES**

    1.    Newgent Golf, Inc. (hereinafter "Newgent") filed a petition under Chapter 7 of the Bankruptcy Code on or about December 16, 2004. Marie E. Henkel, Trustee was appointed to serve as the Chapter 7 trustee ("Trustee" or "Plaintiff").

    2.    Defendant, Frese, Hansen, Anderson, Hueston & Whitehead, P.A., (hereinafter "FHAHW") is a Professional Association incorporated under the laws of Florida having a business address of 930 S. Harbor City Blvd., Suite 505 Melbourne, FL 32901.

3. Defendant, MSM Development Co. is the managing member of the MSM Golf, LLC, an administratively dissolved Florida limited liability corporation, whose business address is 620 Erie Blvd., Suite 312, Syracuse, NY 13204 (Hereinafter "MSM").

## JURISDICTION AND VENUE

4. This Court has jurisdiction in this action pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157(a)&(b) and the Order of the United States District Court for the Middle District of Florida, referring to the Bankruptcy Court all cases and proceedings under the Bankruptcy Code in this District.

5. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1409(a) & (B) in that the underlying bankruptcy case is pending in this District; the Defendants conducted business in this District; and the turnover demand exceeds $1,000.

## FACTS

6. On or about March 25, 1999, M.S.M. Golf, LLC (hereinafter "MSM") filed a civil action which ultimately involved the interest of Newgent Golf, Inc., Palm Bay Golf Club, Inc. (hereinafter "Palm Bay"), JSN Golf Enterprises and Classical Financial Services, L.L.C.

7. In July 1999, MSM obtained an order granting a motion for prejudgment garnishment against Newgent, specifically including a substantial Palm Bay receivable ("Receivable").

8. In July 1999, Classical Financial Services, Inc. ("CFS"), filed a counterclaim, asserting that their interest in the Receivable was superior to MSM's contending that the Recievable was collateral pursuant to the terms of a security interest held by CFS.

9. On a date unknown to Plaintiff, MSM obtained an order that limited CFS's secured claim to $135,000.

10. On a date unknown to Plaintiff, MSM's garnishment was reinstated and was determined to cover approximately $55,000 of the Receivable.

11. On May 2, 2002, a jury determined that Newgent had no liability to MSM. On appeal that case was remanded based on a faulty jury instruction.

12. The MSM liability to MSN has not been determined on remand.

13.  On or about November 5, 2004, Newgent, Classical, MSM, Palm Bay, et. al. agreed that Palm Bay could settle its obligation to pay the Receivable to Newgent by depositing $190,765.85 into FHAHW's client trust account.

14.  The November 5, 2004 agreement did not purport to resolve MSM's rights to the Receivable vs the Debtor's, nor has there been any surrender of the estate's interest since then.

15.  On November 22, 2004, the writ of garnishment encumbering the Receivable was dissolved.

16.  On December 16, 2004 the Debtor commenced this Chapter 7 case.

17.  On December 16, 2004 the Debtor's interest in the Receivable became property of the bankruptcy estate.

18.  Allan Whitehead, a member of the Defendant firm, received notice of the filing of the petition in this case as attorney for MSM, LLC.

19.  Post-petition, on a date unknown to Plaintiff, Defendants and other parties to the state court litigation, sought and obtained an order from Judge Moxley in Case No. 05-1999-CA-012384 that purported to authorize Defendant, FHAHW, to disburse $58,846.60 to Defendant MSM.

20.  That order was entered in violation of the automatic stay and is, therefore, void.

21.  Classical obtained a bankruptcy court order giving them retroactive authority to take the collateral for their security interest.  In the order granting the relief, this Court specifically ruled that that retroactive authority given to Classical and Cash Flow did not authorize or approve the post-petition disbursement of funds to any other party.

22.  The Debtor did not disclose the Receivable in its schedule of assets.

23.  Plaintiff learned of the receivable and the proposal to disburse Debtor's Receivable when Classical file a motion for Relief from the Stay in May 2006.

24.  Plaintiff immediately made demand for turnover of the assets of the estate upon Defendants, FHAHW and MSM, via attorney Allan Whitehead, upon learning of the proposed distribution in May 2006.

25.  Although Defendants sought and obtained an extension, the Defendants have failed to respond to the Trustee's demand for the turnover of property of the estate.

## COUNT ONE
### Declaratory Relief

Plaintiff files this action for declaratory relief against Defendants, FHAHW and MSM, to determine and award sanctions, pursuant to 11 U.S.C. § 105, for the Defendants' willful violation of the automatic stay, and alleges as follows:

26. This action is a core proceeding pursuant to 28 U.S.C. § 157 (b) (2) (A) & (O).

27. The allegations of paragraphs 1 through 25 are incorporated as if fully set forth herein.

28. The Trustee is without knowledge whether the funds at issue were, in fact, disbursed from FHAHW's client trust account, and if so, whether they were disbursed to MSM, or to FHAHW, in payment of MSM's attorney's fees.

29. In any case, the Plaintiff did not, at any point, surrender the estate's interest in the Receivable.

30. The Receivable has not been returned to the Plaintiff upon her demand.

31. Although the case was remanded based on a defective jury instruction, a jury determined that the Debtor had no direct obligation to MSM.

32. MSM had no security agreement that provided an interest in the Receivable.

33. The MSM garnishment was dissolved before the petition was filed in this case, rendering the MSM claim, if any, unsecured.

34. The bankruptcy estate has been damaged in the amount of $58,846.60, plus interest and attorney's fees accrued, as a result of the Defendants' willful violation of the stay.

35. This Court has the authority, under 11 U.S.C. § 105, to compensate the estate for the damage it incurs as a result of the willful violation of the stay.

WHEREFORE, Plaintiff requests that the Court judgment against the Defendants, joint and severally, requiring turnover of $58,846.60, as well as awarding sanctions against FHAHW in the amount of any deficiency in the return of $58,846.60, as well as reimbursement of attorney's fees and the costs of this action.

## COUNT TWO
### Turnover

Plaintiff files this action for turnover, pursuant to U.S.C. § 542(a) and against Defendants, Frese, Hansen, Anderson, Hueston & Whitehead, P.A, and MSM Development, Co. and alleges as follows:

36. This action is a core proceeding pursuant to 28 U.S.C. § 157 (b) (2) (A), (E)& (O).

37. The allegations of paragraphs 1 through 25 are incorporated as if fully set forth herein.

38. The Receivable was property of the estate as of the date of petition.

39. FHAHW did not have the authority of this Court to transfer the Debtor's Receivable that it held in its client trust account after the petition was filed.

40. Upon information and belief MSM was the immediate transferee of the Receivable.

41. Upon information and belief FHAHW was the mediate transferee of the Receivable, receiving the funds as payment for attorney's fees accrued on MSM's behalf.

WHEREFORE, Plaintiff requests entry of a judgment against the Defendants, joint and Severally, in the amount of $58,846.60, with interest, awarding the costs of this action, and granting such other relief as the court deems just.

## COUNT THREE
### Post-petition Transfer

Plaintiff files this action against Defendants, Frese, Hansen, Anderson, Hueston & Whitehead, P.A, and MSM Development, Co. to void a post-petition transfer and recover its value pursuant to 11 U.S.C. §§549(a) & 550 and alleges as follows:

42. This action is a core proceeding pursuant to 28 U.S.C. § 157 (b) (2) (A), (E)& (O).

43. The allegations of paragraphs 1 through 25 are incorporated as if fully set forth herein.

44. The Receivable was property of the estate as of the date of petition.

45. Upon information and belief MSM was the immediate transferee of the Receivable.

46. Upon information and belief FHAHW was the mediate transferee of the Receivable, receiving the funds as payment for attorney's fees accrued on MSM's behalf.

WHEREFORE, Plaintiff requests entry of a judgment against the Defendants, joint and severally, in the amount of $58,846.60, with interest, awarding the costs of this action, and granting such other relief as the Court deems just.

*/s/ Lynnea Concannon*
Lynnea Concannon, Esq.
Florida Bar No. 377872
Sean Concannon, Esq.
Florida Bar No. 0115381
L.S. Concannon, P.A.
P.O. Box 915875 • Longwood, FL 32791
PH (407) 999-0071 • FX (407) 362-7087
Attorney for Plaintiff